UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

04 10758 MEL

| | |
|---|---|
| PAUL A. GARGANO<br>And SHEILA K. GARGANO  MAGISTRATE JUDGE RBC<br>Plaintiffs,<br><br>v.<br><br>INTERNAL REVENUE SERVICE.<br>Defendant. | RECEIPT # 55232<br>AMOUNT $ 150<br>SUMMONS ISSUED yes<br>LOCAL RULE 4.1 ✓<br>WAIVER FORM ✓<br>MCF ISSUED<br>BY DPTY. CLK. TOM<br>DATE 4-14-04 |

COMPLAINT AND JURY CLAIM

### PARTIES

1. The plaintiff, Paul A. Gargano is an individual with a principal place of residence locateed at 251 Green Dunes Ave., W. Hyannisport, MA

2. The Plantiff, Sheila K. Gargano, is an individual with a principal place of residence located at 251 Green Dunes Ave., W. Hyannisport, MA

3. The Defendant, Internal Revenue Service, is a government agency with prinicpal offices located at 1111 Constitution Avenue, N.W. Washington, DC

### JURISDICTION

Jurisdiction of this matter is based on a question of federal tax law

### FACTS

4. In 1995 the Plaintiffs, Paul and Sheila Gargano, (hereinafter, "Gargano's") received notification of an audit for their fiscal year 1992 tax return. The audit was later expanded to include the fiscal year 1993 tax returns as well.

5. Following notification of the audit, a lengthy investigation of the Plaintiff's financial records ensued, which was not completed until January of 1997. At that time, proposed findings were submitted by an internal revenue service auditor.

6. The most significant disputed issue in the audit was the Plaintiff's deduction for a casualty loss that was suffered on a home owned by the Plaintiff's in W. Hyannisport, MA.

7. The Plaintiffs provided the IRS significant documentation of the loss included opinions from real estate professionals as tot he loss in fair market value and estimates for damage and repairs

8. After a three year appeal and review process within the IRS, it was determined that the deficiency in income tax paid for fiscal year 1992 was $95,435.00

9. The bulk of the tax deficiency was a result of the partial disallowance of the casualty loss.

10. The IRS agent refused to take into consideration the loss of fair market value as a result of the damage caused by the storm.

11. On September 6, 2001 the entire $95, 435.00 plus interest was paid to the IRS.

12. The total amount of tax and interest for 1992 exceeded $200,000.00

13. In January 2002 an amended tax return was filed by the Gargano's seeking a refund for the tax assessed as a result of the disallowance of a the casualty loss and an assessment of penalties as a result of an alleged failure to report income

14. The IRS took no action regarding the amended tax return other than to deny the request for refund on or about August 1, 2003.

## COUNT I
## CLAIM OF REFUND FOR CASUALTY LOSS

14. The Plaintiffs incorporate the statements set forth in paragraph one through eleven as though specifically set forth herein.

13. On the Plaintiffs 1992 federal tax returns $370,000.00 was claimed as a casualty loss as a result of storm damage done to their home in W. Hyannisport, MA,

14. There was no insurance on the property at the time, which would have offset this loss so the tax payers reported the damage as a casualty loss.

15. Only $97,909.00 of the casualty loss was allowed by the IRS as a result of an audit of the Plaintiffs tax returns for 1992.

16. The IRS failed to take into consideration the loss in fair market value of the subject property in determining the property casualty loss deduction. The loss in fair market value was accurately reflected by the casualty loss claiemd on the Plaintiffs 1992 tax returns

17. On January 2002 Plaintiff filed an amended tax return claiming a deduction for said casualty loss and seeking the return of interest which accrued as a result of the disallowance of the causalty loss.

18. The IRS has denied the Plaintiff's request for a refund in August 2003 based on his amended tax return.

Wherefore, the Plaintiffs request that the casualty loss in the amount of $370,000 be allowed and that the interest be refunded to them as the claimed deduction for the casualty loss was proper and should not have been disallowed by the IRS.

Respectfully Submitted
By the Plaintiffs,

Paul A. Gargano
BBO# 185560
Sean M. Beagan
BBO# 644929
Gargano & Associates
4 Canal Park
Cambridge, MA 02141
617-621-1100

Date:4/13/04